# C. C. Vanderslice, Appellant, v. The Royal Insurance Company.

*Insurance policy—Fraudulent assignment—Pleading—Sufficient statement—Question for jury.*

Insurance policies are not negotiable documents and the company owes a clear duty to the owner of such policies not to pay return premiums without taking sufficient precaution against fraud and when sufficient allegation of such negligent payment on fraudulent assignments is set out in plaintiff's statement the case must be submitted to the jury.

*Negligence—Rule as to innocent parties.*

The rule governing loss by one of two innocent parties has no application in cases where the two persons are not equally without fault, or where one owes a duty to the other, to do or to refrain from doing, a particular thing, and has failed in the performance of his duty.

Argued Oct. 5, 1898. Appeal, No. 39, Oct. T., 1898, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1897, No. 179, in favor of defendant on demurrer filed. Before REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Demurrer to statement. Before McMichael, J.

In this case plaintiff sued to recover the sum of $240, with interest. The statement set forth, inter alia, that one Pierson, acting as broker, volunteered to have the transfer of certain policies of insurance, on properties which had been sold, noted on the books of the defendant company and to return the policies to the plaintiff; that said broker took the policies to the office of the defendant company and falsely and fraudulently representing himself as the owner thereof, by inserting his name in the blank assignments duly executed by vendor, had said policies canceled by said company and received the cancelation value thereof; that said Pierson never was the owner of said policies and had no authority to cancel them. To this statement defendant demurred, assigning as reason, " because the plaintiff admits that the said Pierson acted as agent for the plaintiff in the transaction." The court below entered judgment for defendant on demurrer. Plaintiff appealed.

*Error assigned* was entry of judgment for defendant on demurrer.

*J. M. Vanderslice* and *E. Hunn Hanson,* for appellant.—The court below assumed that Pierson was the plaintiff's agent and applied the equitable principle that when one of two innocent persons suffer a loss through fraud of a third the loss should be borne by the one whose negligence enabled the third to commit the fraud.

The principle itself is admitted to be both equitable and just. But it was misapplied. It has no application when there was negligence by each of those who suffer the loss; much less where the negligence of each was equal.

It was the clear duty of the defendant company in view of the obligations on this policy to say to the person presenting the assignment: " You are not the person with whom we contracted, and are entitled to have us comply with your demand only upon condition that you are the owner of the property; produce therefore the deed by which you hold."

This obvious plain and business course would have prevented the loss that happened; and if it was the defendant's duty to adopt it, failure to do so is in contemplation of the law negli-

gence.  So that if the plaintiff was negligent the defendant was guilty of an equal negligence, and one that enabled Pierson successfully to carry out his scheme.  In such case the equitable principle has never been applied and probably never will be, as it certainly ought not to be.

What is and what is not a proximate cause is well illustrated by the following cases : Bank v. Charities, 5 H. of L. Cases, 389 ; Staples v. Bank of Eng., 21 Law Rep. Q. B. Div. 160 ; Telegraph Co. v. Davenport, 97 U. S. Rep. 369 ; Hill v. Pub. Co., 154 Mass. 172 ; Penna. Co. v. Ins. Co., 181 Pa. 40.

*Thomas W. Barlow*, for appellee.—Plaintiff permitted Pierson to assume the appearance of ownership : Pickering v. Busk, 15 East, 38, the doctrine of which case is affirmed in O'Connor v. Clark, 170 Pa. 318.

If an agent be intrusted with the continued possession of a bond or evidence of debt, authority for him to receive payments may be implied.  There is no difference in this respect, in this country at least, between bonds and mortgages or other obligations for the payment of money. . . . The authority is implied from possession of the papers : Hatfield v. Reynolds, 34 Barb. 612 ; Gilbert v. Deshon, 107 N. Y. 324 ; Crane v. Gruenewald, 120 N. Y. 274.

The fraud perpetrated by Pierson upon plaintiff could have been readily prevented by the immediate and simple completion of the instrument by plaintiff.  In leaving the blank unfilled, he intrusted Pierson with " the usual indicia of the right of disposing of the property : " Kortright v. Bank, 20 Wend. 91.

Defendant submits that this case is squarely on fours with Insurance Company v. Roth, 118 Pa. 329.

OPINION BY ORLADY, J., January 18, 1899 :

The plaintiff became the owner of ten properties, on each of which there was a policy of perpetual fire insurance issued by the defendant, for the sum of $1,200, and as a part of the consideration of the transfer of the real estate between plaintiff and her vendor, the policies of insurance became her property. These policies were transferred to her by the former owner in blank so that her name as owner of the properties might be inserted.  While in this condition, on June 6, 1896, the policies

were intrusted to one Clayton W. Pierson, the broker who had negotiated the real estate transfer, for the purpose of having the transfer noted upon the books of the defendant company, and the policies were to be returned to the plaintiff. Instead of so doing, the broker "took the said policies to the office of the defendant company and falsely and fraudulently representing himself as the owner thereof by inserting his name as such in the said blank, had said policies canceled by said company and received the cancelation value thereof." The plaintiff brings this suit to recover the value of the policies. To the statement filed, the defendant demurred, and assigned as reasons : First, because the said plaintiff in said statement admits that the said Clayton W. Pierson acted as agent for the plaintiff in the transaction upon which the said claim is based and was paid the regular commission therefor. Second, because it is admitted in said statement that the said plaintiff delivered to Clayton W. Pierson his authorized agent the policies of insurance in blank duly signed and upon which the premiums sued for are claimed to be due and to whom the defendant paid the same.

The demurrer was sustained by the learned court below and judgment thereon entered in favor of the defendant, for the reason that the loss happened through the negligence of the plaintiff, and the principle, that when one of two innocent persons must suffer a loss through a fraud of a third, the loss must be borne by the one whose negligence enabled the third to commit the fraud, was held to be applicable.

The statement does not admit the agency of Clayton W. Pierson in the business in which the fraud was committed. It does just the reverse of this in alleging the false and fraudulent representation of himself as owner of the property and denies that he was the owner of the policies or the properties ; that he ever had any assurable or other interest in either or was in any way authorized by plaintiff or by any one having an interest to have the policies canceled or to make any other disposition of them than to have the transfers duly noted upon the defendant's books and return the policies to the plaintiff. It does allege his agency as a broker in bringing the exchanging parties together, but without more his relation to the parties ended when that transaction was completed by exchanging the title papers.

Attached to and made a part of the statement is a copy of the policies and by clause 1, it is provided ". . . . the deposit money may be withdrawn subject to the conditions of the policy" and by clause 5 ". . . . but the assured may, at any time, reclaim the deposit money, which shall be paid within sixty days after such demand, subject to a reduction of ten per cent, but in case of sale of the property insured, if the deposit money be not demanded within sixty days after the sale it shall be considered as sunk for the benefit of the company." The cancelation indorsed on the policies shows that on June 8, 1896, the defendant paid the amount of the deposit, less ten per cent to C. W. Pierson who signed on a blank line intended for the owner of the policy.

The statement averred that it was the duty of the company not to cancel the policies or pay the cancelation value to any but the true owner; and that the defendant wrongfully and negligently paid the money to Pierson without requiring evidence of his being legally entitled to reclaim the deposit money.

This court held in Robb v. Penna. Co., 3 Pa. Superior Ct. 254: "The rule, that where one of two innocent persons must suffer loss, the party who did the act which was the occasion of the loss ought to bear it, is often misapplied to cases where the two persons are not equally without fault, but where one owes a duty to the other to do or to refrain from doing a particular thing, and has failed in the performance of that duty," and a number of cases are cited illustrative of the distinctions made. See also the same case in 186 Pa. 456, in which the judgment of this court is affirmed.

Measured by the statement in this case the defendant company owed a clear duty to the owner of the policies to pay only to him, and had by the terms of its policy sixty days of time within which to make the inquiry as to ownership, but instead of availing itself of these provisions it paid at once upon a forged paper.

The policies were not negotiable documents, and the forms required by the company were as much for the benefit of the owner as for the defendant, and whether the plaintiff was so palpably negligent under the facts as detailed in the statement in not taking sufficient precaution against forgery must be submitted to a jury: Leas v. Walls, 101 Pa. 57.

Insurance Co. v. Roth, 118 Pa. 329, is not applicable as this case now stands, but will be if the case is submitted to a jury. The only question now is the sufficiency of the statement. The representation of Pierson that he was the owner of the property was the fraud which induced the defendant to pay the money to the wrong person, and the means by which this fraud was perpetrated were not wholly the result of leaving a blank in the assignment. The defendant by making the slightest inquiry within sixty days after demand made for the deposit money, could have fully protected the plaintiff and itself, and avoided the inquiry resulting from immediate payment to the wrong person : Penna. Co. v. Franklin Fire Ins. Co., 181 Pa. 40.

The judgment is reversed, and a procedendo awarded.